UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON LEE DETHLOFF,<br><br>                    Petitioner,<br><br>          v.<br><br>DEPARTMENT OF STATE,<br><br>                    Respondent. | NO. 4:14-cv-5066-LRS<br><br>ORDER DENYING PETITION FOR WRIT OF MANDAMUS |

By this action, Petitioner asks this Court to compel a federal agency, the Department of State, to issue him a "certificate of loss of Nationality." Apparently, Petitioner wishes to renounce his U.S. Citizenship and believes such a certificate is necessary to accomplish this end. He states that on August 13, 2013, he sent a letter to the Department of State requesting a certificate, but he has not received a response. Petitioner asserts an "unalienable right to exercise expatriation in accordance to the 'Act of July 27, 1868.'"

Petitioner is a *pro se* prisoner currently confined at the Coyote Ridge Corrections Center. He does not state that he has complied with all procedures necessary to renounce one's citizenship as required by the United States Citizenship and Immigration Services. *See* 8 U.S.C. § 1481; *Nishikawa v. Dulles,* 356 U.S. 129, 139 (1958) (Black, J., concurring) ("Of course a citizen has the right to abandon or renounce his citizenship and Congress can enact measures to regulate and affirm such abjuration")*; see e.g. Lozada Colon v. U.S. Dep't of State*, 2 F.Supp.2d 43, 45 (D.D.C. 1998)(Congress has the power to "set forth the

ORDER DENYING PETITION FOR WRIT OF MANDAMUS -- 1

circumstances under which a loss of nationality certification would issue," and has given to the Secretary of State by statute the "discretion to determine whether an individual has adequately renounced affiliation with the United States so as to trigger that right").

The Immigration and Nationality Act of 1952 provides:

> Except as provided in paragraphs (6) and (7) of section 1481(a) of this title, no national of the United States can lose United States nationality under this chapter while within the United States . . ., but loss of nationality shall result from the performance within the United States or any of its outlying possessions of any of the acts or the fulfillment of any of the conditions specified in this part if and when the national thereafter takes up a residence outside the United States and its outlying possessions.

8 U.S.C. § 1483(a). Petitioner's present incarceration would preclude him from satisfying the requirement that he reside outside the United States. *See e.g., Sluss v. U.S. Citizenship & Immigration Servs*., 899 F.Supp.2d 37, 42 (D.D.C. 2012); *see also Koos v. Holm*, 204 F.Supp.2d 1099, 1108 (W.D.Tenn. 2002)(federal prisoner lost his right to renounce his citizenship while he remained a prisoner).

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system," *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(abrogated on other grounds *Sandin v. Conner*, 515 U.S. 472 (1995). *See also Wilkinson v. Austin*, 545 U.S. 209, 229 (2005) (*Hewitt* "remain[s] instructive for [its] discussion of the appropriate level of procedural safeguards."). After Petitioner fully serves his sentence, he is free to travel to another country and renounce his citizenship to a United States Consular Officer.

In the meantime, the act Petitioner wishes to compel, the issuance of a Certificate of Loss of Nationality, is a discretionary act. *See Weber v. U.S. Dep't of State*, 885 F.Supp.2d 46, 52-53 (D.D.C. July 25, 2012). It is well-settled that a writ of mandamus pursuant to 28 U.S.C. § 1651 is not available to compel discretionary acts. *See Dunlop v. Bachowski*, 421 U.S. 560 (1974); *Vaca v. Sipes*, 386 U.S. 171, 182 (1967). Therefore, Petitioner's request for mandamus relief must be denied.

ORDER DENYING PETITION FOR WRIT OF MANDAMUS -- 2

Furthermore, a Certificate of Loss of Nationality does not effect loss of nationality. *See e.g. United States v. Schiffer*, 798 F.Supp. 1128, 1133 n. 6 (E.D.Pa. 1992). Rather, "[i]t is merely an administrative method for the Government to keep track, for informational purposes, of those persons it considers to have voluntarily relinquished citizenship." *Id*. Petitioner should be aware that the act of renouncing U.S. citizenship would not allow a person to avoid possible prosecution for crimes which they may have committed in the United States, or to escape the repayment of financial obligations previously incurred in the United States.

Because the relief Petitioner seeks is discretionary, **IT IS ORDERED** the Petition for Writ of Mandamus is **DENIED.** In light of this dismissal and to spare Mr. Dethloff the financial obligations of the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(b), **IT IS FURTHER ORDERED** Petitioner's pending application to proceed *in forma pauperis* is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive Office is directed to enter this Order, enter judgment, forward a copy to Petitioner at his last known address and close the file. The Court certifies any appeal of this Order would not be taken in good faith.

**DATED** this   14th   day of July, 2014.

*s/Lonny R. Suko*

LONNY R. SUKO
SR. U.S. DISTRICT JUDGE

ORDER DENYING PETITION FOR WRIT OF MANDAMUS -- 3